ALBANY,
Feb. 1810.

DAVIS
v.
MEEKER.

which was alleged to be adulterated and bad. At the trial of the cause, *Goodrich* appeared in proper person, and *Smith* by his attorney, who was admitted to defend the cause ; but the justice, in his return to the *certiorari*, did not state the reason for admitting the defendant to appear by attorney.

————◦ ⊛ ◦————

## Davis *against* Meeker.

Where A. bought a waggon, on sight, of B. who affirmed it to be worth much more than its real value ; it was held, that B. was not liable to an action of deceit for a false affirmation, there being no express warranty or fraud.

IN error, on *certiorari. Meeker* brought an action before a justice, against *Davis*, for a deceit in the sale of a waggon, for which she had paid him 50 dollars. The plaintiff alleged that the defendant did falsely and fraudulently assert, that he had been frequently offered, by different persons, 50 dollars for the waggon ; by rea-

son of which false assertion the plaintiff was induced to believe the waggon was worth that sum, whereas, in fact, it was not worth more than 25 dollars. The plaintiff had merely seen the waggon, and made the purchase without particularly examining or trying it. No warranty was proved.

<div align="right">

ALBANY,
Feb. 1810.

CANNON
v.
TITUS.

</div>

A verdict was given for the plaintiff, for ten dollars, on which the justice gave judgment.

*Per Curiam.* There was no express warranty or fraud proved in this case. The plaintiff below purchased the waggon, on sight, and the assertion of the defendant, that it was worth more than its real value, furnishes no ground of action. (1 *Johns. Rep.* 97. 274. 414. 4 *Johns. Rep.* 228. 4 *Johns. Rep.* 421.) The judgment below must be reversed.

<div align="center">

Judgment reversed.