Cohn *v.* Mulford.

---

## COHN *v.* MULFORD *et als.*

TRESPASS against the Sheriff for levying on certain goods as the property of *G. & Co.*, under an execution on a judgment in favor of *Crafts* v. *G. & Co.* Plaintiff claims to have been the owner of the goods, by purchase from G. & Co. before the levy. Defense was, fraud in such purchase. On the trial, defendants, to prove the fraud, offered to show, that before this sale, " about a year past, plaintiff had bought G. & Co. out before, for the purpose of proving fraud," and the Court rejected the testimony. *Held*, that this was not error; that there was nothing on the face of the exception to show the materiality or relevancy of the testimony—there being no offer to show even that the first sale was fraudulent.

The rule allowing distinct frauds to be proven in such cases is limited to frauds which are contemporaneous, or nearly so, and does not embrace dealings at a remote time.

When error is alleged in the exclusion of testimony, it must clearly appear on the face of the exception, that the testimony was, not that, possibly, it might have been relevant.

Statements made by a vendor of personal property subsequent to his sale, are not admissible to defeat the title of his vendee, either when used as proof of fraud, or any other fact in avoidance of the deed.

An exception, showing that the Court ruled out the proffered statements of the vendor in such case, without showing what the statements were, is insufficient. The exception must show the statements to have some pertinency to the matters in issue.

*Landecker* v. *Houghtaling*, (7 Cal. 391) *Vischer* v. *Webster*, (8 Cal. 109) only hold, that the admissions of the vendor, made before the sale is completed, are admissible to show his own fraud. And thus far the rule is approved.

APPEAL from the Sixteenth District.

Truett & Co. brought suit against Goldstein & Co. Defendant, Mulford, under a writ of attachment issued in that suit, levied on and sold certain goods in the possession of plaintiff. The facts appear in the opinion of the Court. The language of the record as to the second exception noticed by this Court is, "on the trial of said action the defendant proposed to prove by a witness, Higginson, certain statements made by Goldstein, one of plaintiff's vendors, concerning the sale, and the conditions of it, immediately after the sale. Plaintiff objected; the objection was sustained, and the Court refused to the defendants the right to prove said facts for the purpose of showing fraud, and the defendants excepted, and appeal.

*Hoge & Wilson,* for Appellant, cited *Landecker* v. *Houghtaling,* 7 Cal. 391; *Vischer* v. *Webster,* 8 Id. 109; 2 Greenleaf's Ev. sec. 598; *McKee* v. *Gilchrist,* 3 Watts, 230, 232; *Foster* v. *Hall,* 12 Pick. 99–100; *Howe* v. *Reed,* 3 Fairfield, 515; *Hawes, et al.* v. *Dingley.* 17 Maine, 341; *Rowely* v. *Bigelow,* 12 Pick. 306; *McKenny* v. *Dingley,* 4 Greenleaf, 172; *Seaver* v. *Dingley,* 4 Id. 320; 3 Johnson, 235.

*Robinson, Beatty & Heacock,* for Respondent.

1.  The proffered statements of Goldstein, made immediately after the sale, were properly ruled out, because the record does not show what the statements were. The language is, "certain statements," and this Court cannot know whether the statements would or would not tend to prove the issue. (*Rabe* v. *Wells,* 3 Cal. 148; *White* v. *Abernethy,* Id. 426.) Besides, the statements were made after the sale, and hence were not admissible. (*Bridge* v. *Eggleston,* 14 Mass. 244.)

2.  The offer to prove that plaintiff had bought Goldstein out a year before was properly ruled out, because there was no offer to show that purchase to have any connection with the purchase in question. The simple fact of a purchase a year before had no tendency to prove fraud in the last purchase. And further, where other sales by an alleged fraudulent vendor are permitted to be shown, the evidence is confined to sales made at about the same time with the one in question.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

1. Trespass against the Sheriff and his sureties for levying on certain goods as the property of Goldstein & Co., and levied on at the instance

Cohn v. Mulford.

of a creditor of defendants in this process. The question made below was fraud in the sale. The defendants, to prove the fraud, offered to show that before this sale, " about a year past, Cohn had bought Goldstein & Co. out before, for the purpose of showing this fraud." This evidence was rejected; and the propriety of its exclusion is the point before us. We do not see the materiality of the testimony, and no explanation was given to show its relevancy. It is not even proposed to show that this first sale was fraudulent; and even then some authorities hold that the evidence would be inadmissible; this rule that distinct frauds may be shown being limited to such frauds as were contemporaneous, or, at most, nearly so, and not embracing dealings so remote in point of time. The error imputed must clearly appear when that error consists in the exclusion of testimony. Upon the face of the exception it must appear, not that possibly the proof might have been relevant, but that it clearly was.

2. The other error assigned is, that the Court erred in ruling out the proffered statements of one of the vendors, made after the sale to plaintiff. What these statements were does not appear. The language of the exception is that certain statements made, etc. But these statements must be shown to have some pertinency to the matter under investigation. Nor is it shown that these statements were any part of the *res gestæ*. Being made by one of the vendors subsequently to his sale, they were not admissible to defeat the title of his vendee, either when used as proof of fraud or of any other fact in avoidance of the deed. We do not understand the cases cited, from the seventh and eighth California, by the appellant, as going further than to hold that the admissions of a vendor, made before the consummation of the sale, are admissible to prove his own fraudulent intent. And even to this extent the authorities are very much divided. But we do not desire to disturb the rule as thus limited. But this by no means embraces the doctrine contended for. The learned editors of Phillips' Ev. (vol. 3, pp. 616, 619, 630, notes) have collected and reviewed the authorities, and shown very clearly that such admissions are not admissible, when made after a sale, to defeat the title. (See also, *Paige* v. *O'Neal*, 12 Cal.) We think it would be a very dangerous thing to hold the rule to the extent here insisted on. It would make all titles insecure by mere hearsay testimony, coming from a party in no way interested at the time of the admission, and in no way excluded from testifying as a witness. Judgment affirmed.