## Coil *versus* The Pittsburgh Female College.

*Affidavit of Defence, what is sufficient.— What constitutes failure of Consideration and Fraudulent Misrepresentation.— Representation not a Condition.*

In an action on a promissory note given in settlement of a subscription for a scholarship, the defendant filed an affidavit of defence, averring: 1. That the consideration had failed, the scholarship being worthless, in consequence of the pecuniary embarrassments of the college. 2. That the subscription was made and the note given under representations by the agents of the plaintiff, that money enough had been or would be subscribed to pay off the entire debt, and make the scholarship worth the amount of the note before it should be collected, which had not been done. 3. That the affiant was informed by one of the trustees that the charter had been forfeited by reason of improper conduct, giving the name of the trustee from whom the necessary facts for this purpose could be ascertained, and 4. That he had never received any consideration, or benefit or certificate of scholarship. All which he expected to be able to prove. It was *held,*

1. That as the affiant did not state that he had failed to receive the scholarship, nor aver fraudulent representations on the part of the agents of defendant at the time of making the subscription, the court was right in entering judgment in favour of plaintiff for want of a sufficient affidavit of defence.

2. Representations by agents of the college at the time of the subscription, that by reason of the subscriptions made, and to be made, the scholarship would be worth the amount charged for it when same should be payable— not being expressly made a condition in the subscription, and no fraud being charged—are to be treated as an expression of opinion only, and will not avoid the contract.

3. Acts alleged to work a forfeiture of the charter of a college cannot be taken advantage of in a suit upon a note given or endorsed to the corporation.

ERROR to the District Court of *Allegheny county.*

This was an action in *assumpsit,* by the Pittsburgh Female College, commenced March 1st 1861, against Rev. John Coil, to April Term 1861, No. 198, on the following note :—

"Pittsburgh, November 22d 1859.

$250. Twelve months after date, I promise to pay to the order of J. B. Canfield, Treasurer, two hundred and fifty dollars, without defalcation, for value received.

"JOHN COIL."

A copy of the note and the usual affidavit of claim were filed with the *præcipe.*

The defendant filed the following affidavit of defence :—

"Before me, the prothonotary of said court, came the defendant in this case, who on his oath says that he has a just and legal defence to the whole of the plaintiff's claim in this case, as he verily believes, which consists in part of the following, viz. :—

"1. The note on which suit is brought is one of two notes of equal sums, given for a perpetual scholarship, or rather by way

of subscription to secure a perpetual scholarship in said college, and that the consideration thereof has wholly failed; the said scholarship, in consequence of the indebtedness and pecuniary embarrassment of said college, being worthless. The said notes were given in the name of the treasurer of said college, for the use of said college, and are still held by said college.

" 2. The said subscription for said scholarship was made, and the said notes were given under representations by the agents of said college, that enough had been or would be subscribed before said notes should be collected, to pay off the entire debts of said college, and make said perpetual scholarship worth as much as the amount of said notes. But enough has not been subscribed to pay off said debts. There is still a large debt against said college, with no subscription or means to pay it, and in consequence thereof, as well as of other difficulties, the said scholarship is worth nothing, and this affiant believes never will be worth anything. And if this affiant had known the facts, and had not been deceived by such false representations, he never would have made said subscription or given said notes.

" 3. And further, this affiant has been informed by one of the late trustees, that the charter of said college has been forfeited by the improper acts of the trustees, and the college has no right to collect these notes. This affiant is not informed of these acts, and cannot specify them, but the said trustee, Dr. William M. Wright, says that when called upon legally he will divulge the necessary facts to establish the forfeiture of their charter.

" And further, this affiant says he never received any consideration or benefit whatever for said notes; never received a certificate of said perpetual scholarship, and never derived any benefit therefrom. The said subscription and notes were given in view of a future perpetual scholarship, which he believed would be valuable, but which is now worthless, and never can be of any value or of any benefit to this affiant.

" All of which facts and statements he expects to be able to prove at the trial of the case."

The plaintiff obtained a rule to show cause why judgment should not be entered against defendant for want of a sufficient affidavit of defence, and filed the following reasons :—

1. The affidavit does not allege that the college is closed or likely to be. That the benefits and advantages of said college have been denied to said defendant, or ever will be. The college being in debt does not destroy the value of the scholarship.

2. The alleged representations do not affect the value of the scholarship; and defendant states no fact that destroys the validity of his notes.

3. The defendant does not state any facts from which the court

[Coil *v.* The Pittsburgh Female College.]

can decide whether there has been a forfeiture of charter; and neither defendant nor his informant is competent to judge of that question.

4. Defendant does not deny that a certificate of scholarship was tendered him, which he refused to accept.

5. The affidavit is insufficient.

After argument, the court made the rule absolute, and ordered judgment to be entered for the plaintiff.

The defendant thereupon sued out this writ, and assigned as cause for reversing the judgment of the court below, that the court erred in making the rule absolute, and entering judgment for the plaintiff.

The following are the rules of the District Court on this subject:—

Rule 66. In all actions of debt, or *assumpsit*, when the plaintiff shall file with his *præcipe* an affidavit, stating the amount verily believed to be due from defendant, he shall be entitled to a judgment, as for want of an appearance, unless defendant shall file an affidavit of defence with his appearance.

Sect. 2. In actions hereafter instituted in this court on bills, notes, bonds, or other instruments of writing, for the payment of money, on book accounts, in all actions on contracts for the loan or advance of money, whether the same be in writing or not, in all actions of *scire facias* on mortgages, or liens of mechanics and material-men, under the Act of 14th March 1836, and the various supplements thereto, and in all actions of debt or *scire facias* on recognisances, or other records, the plaintiff may enter judgment by default any time after the return day, and ten days' service of the writ, provided he has filed a declaration, if a declaration be necessary, and provided the writ has been duly served, notwithstanding an appearance by attorney, unless the defendant should previously have filed an affidavit of defence, stating therein specifically and at length the nature and character of the same : *Provided,* That in all such cases no judgment shall be entered by virtue of this rule, unless the said plaintiff shall file with his *præcipe*, in the office of the prothonotary of said court, an affidavit stating the amount verily believed to be due from the defendant, and a copy of the instrument of writing, book entries, record or claim, or a statement or a specification thereof, if the same be not in writing, except mortgages, mechanics' liens, and recognisances or other records of this court, on which action has been brought.

Sect. 3. In all cases of a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, the party taking the rule shall assign and specify in writing, wherein the affidavit is insufficient; and judgment shall not be

[Coil *v.* The Pittsburgh Female College.]

rendered for any defect in the affidavit, which has not been so specified.

Sect. 4. The defendant may amend his affidavit of defence at any time before the hearing of the rule for judgment—but after argument, no amendment or supplemental affidavit shall hereafter be allowed.

*J. W. F. White*, for plaintiff in error.—The note in suit was not given by way of a donation, but in pursuance of a contract, and is to be treated as a contract. The defendant agreed to buy a perpetual scholarship for $500, and gave his two notes for the amount. He was induced to make the contract by the false representations of the agents of the institution. It was also conditional. He was deceived; the consideration has totally failed; the thing is worthless; and the condition on which he was to be called upon to pay has not yet happened.

Under the rule of court, all the facts asserted in the affidavit must be taken as true, and the defendant is entitled to all fair and reasonable inferences from them. It was never intended that the affidavit of defence should be framed with all the formality and nicety of special pleading. It must state "specifically and at length the *nature* and *character*" of the defence, so full and specific as to give the plaintiff a clear understanding of it. But it is not required to be *technical* in language or form. Under the 3d section of the rule no defect, in form or substance, can be taken advantage of unless particularly specified in the reasons assigned for judgment by the party applying for it. The 1st section simply required a general affidavit of defence. After some years' practice it was amended by requiring a specific affidavit. That led to a species of sharp practice, which, after a few years' experience, was corrected by the 3d and 4th sections. As the rule now stands, the defendant must have notice of the alleged defects in his affidavit, so that he can have an opportunity to remedy them before argument. We must therefore test the sufficiency of the affidavit of defence by the written exceptions filed against it only.

The affidavit states "specifically and at length the nature and character of the defence," namely:

1. An utter failure of consideration.

2. That the defendant was *deceived* into giving the note by the *false representations* of the plaintiff.

3. That the note was not to be collected until enough had been subscribed to pay off the debts of the institution, which has not yet been done.

If these facts were all established before a jury, the defendant would have had a good defence.

The college is bound by the acts and representations of its

agents. If they made these *false representations*, and thus *deceived* the defendant, plaintiff should not recover. If the *fraudulent intent* be necessary to make out a good defence,—that is a question for the jury. The affidavit does not in direct terms charge a fraudulent intention, *but there is no exception to the affidavit on that ground*, and under the 3d section of the rule of court judgment could not be rendered against the defendant on that ground. If that had been specified as a defect in the affidavit, we could have remedied it by an amendment before argument. The only objection to the affidavit on this point is, that the *facts* and *statements* do not make out a defence. Then we had a right to go to a jury trial on these facts and statements, and have them to pass·on the fraudulent intent, if that were necessary. The plaintiff stands in the position of a party who takes no exception to the pleadings, but demurs to the evidence, and is entitled to the benefit of every inference which a jury might legitimately draw from that evidence.

*James H. Hopkins*, for defendant in error.—The payment of his note is repudiated, 1. Because the consideration for which the note was given has failed, the scholarship which the affiant purchased being worthless, "in consequence of the indebtedness and pecuniary embarrassment of the college."

It is not alleged that the doors of the college are closed, nor that the holder of the scholarship has been denied the privileges of the institution, nor that there is a probability, or even possibility that either of these events ever will transpire. Perhaps we are bound to admit the allegation that the college is indebted. But we are not bound to admit the illegal inference drawn from that fact that its obligations are worthless, and as the affidavit discloses no other fact to sustain that deduction, it is in that respect insufficient.

2. That false representations were made by the agents of the college, which induced the giving of the note.

In compliance with the rule, the affidavit specifies what those representations were, and what they amount to. Simply an expression of hopefulness and belief that before the maturity of the notes given, the college would be out of debt, and the scholarship would be worth as much as the notes. The affidavit does not allege that any of the *facts* stated when the notes were given were untrue, nor that there was any misrepresentation or concealment as to the true condition of the college, but only that the anticipations then expressed have not been fully realized. Of the probability of their fulfilment Mr. Coil was as competent to judge as the agents of the college. All the facts—the foundation of the hope—were as much in the knowledge of one party as the other, and hence there was no warranty that the

[Coil *v.* The Pittsburgh Female College.]

belief expressed as to the future should be realized. The affidavit does not assert or intimate that any *fraudulent* representations were made. But it is argued that the question of fraud would be for the jury to determine. True, but if that is a ground of defence—and the alleged misrepresentations are otherwise of no effect—the rule of court requires it to be "*specifically*" set forth. It is contended that we can take no advantage of that defect in the affidavit, because no exception was filed to it on that ground. The second exception is broad enough in saying that "the defendant states no fact that destroys the validity of his notes."

Suppose the defendant had been sued on his subscription instead of on the notes given in payment therefor, and should set up as a defence this alleged condition, that before collection enough should be subscribed to pay all the debts of the college, would it avail him? Would there not be some analogy to the case of Bavington *v.* The P. & S. R. R. Co., 10 Casey 362, in which the court say that conditional subscriptions are a fraud upon the unconditional subscribers?

3. The third ground of defence set forth in the affidavit, is a supposed forfeiture of the charter of the college, but no disclosure is made of the alleged "improper acts of the trustees." As this part of the affidavit states nothing "specifically," it is insufficient.

The opinion of the court was delivered, October 31st 1861, by
STRONG, J.—The affidavit contains three distinct averments of alleged defence. The first is, that the note is one of two given as a subscription for a perpetual scholarship, and that the scholarship is worthless in consequence of the indebtedness and pecuniary embarrassment of the college. This is called a failure of consideration, but improperly. It is not averred that the defendant does not get the scholarship, in payment for which he gave his notes. It is not alleged that he does not obtain all that it was contemplated he should have when the contract was made. That the scholarship turns out not to be worth as much as he expected may be a misfortune, but it is not a failure of consideration.

The subjoined averment that the defendant has not received his certificate, is of no importance, for it is not alleged that he is entitled to any, before his notes are paid, and, for aught that appears, one may have been tendered and refused.

The next matter of defence alleged is that the subscription for the scholarship was made, and the notes were given under representations by the agents of the college, that enough had been or would be subscribed before the notes should be collected, to pay off the entire debts of the college, and make the perpetual

[Coil *v.* The Pittsburgh Female College.]

scholarship worth as much as the amount of the notes given for it. It is then averred that enough has not been subscribed; that there is still a large debt against the college, with no means to pay it, in consequence whereof and of other difficulties, the scholarship is worth nothing, and the affiant believes never will be. It is added that if he had known the facts, and had not been deceived by such false representations, he never would have made the subscription or given the notes.

In regard to this, it is to be observed that no fraud is charged. Nor are the notes alleged to have been given on any condition that a sufficient sum had been or would be subscribed to pay the debts, before the defendant would be called upon for payment. The agents of the plaintiff represented that it had been or would be. This was obviously an expression of opinion only. According to his own case, the defendant was the purchaser of a scholarship. The plaintiff's agents were vendors. The value of the thing sold and purchased was in debate. The agents said it would be worth as much as the amount promised before the collection of the notes; that it would become worth so much by subscriptions already made or to be obtained. That this is not enough to relieve a purchaser from his bargain, need not be argued. There is no relation of trust and confidence between a vendor and vendee. It is not every mistaken representation that avoids a bargain, much less a mistaken representation of value. A representation and a condition are not the same thing. Had the affidavit averred that the promise to pay was made contingent upon any condition, either that a sufficient sum had been or would be subscribed to pay the debts of the college, or even that the scholarship should prove worth its price, another question would be presented. But as it is, this averment sets out no defence.

The remaining allegation is that the affiant has been informed by a former trustee, that the charter of the college has been forfeited by improper acts of the trustees, and that the college has no right to collect these notes. This is no defence. No improper act is specified that would work a forfeiture, and if there was, it could not be taken advantage of in a suit upon a note given or endorsed to the corporation.

The judgment is affirmed.