GEORGE J. VEASEY *vs.* HAMILTON DOTON.

The purchaser of a note and a mortgage given as security therefor, who had an opportunity to examine the property described in the mortgage, cannot maintain an action of tort against the seller for falsely and fraudulently representing to him that the security of the mortgage was undoubted, and the property conveyed was of great value over and above all incumbrances, and amply worth the amount of the note, and could be sold for its face at any time.

METCALF, J. This is an action of tort for deceit in the sale to the plaintiff, by the defendant, of a promissory note, and the transfer of an interest in a mortgage given as security for the payment of the note. The declaration alleges that the defendant falsely and fraudulently represented to the plaintiff, 1st, that the maker of the note was perfectly responsible and able to meet his engagements, and 2d, that the security of the mortgage was undoubted, and that the property thereby conveyed was of great value over and above all incumbrances, and that said mortgage was amply worth the amount of the note and interest, and could be sold for its face at any time. At the trial, there was no evidence that the defendant made the first representation alleged, but there was evidence that he made the second, and that it was false. And, a verdict having been returned for the plaintiff, the main question in the case is, whether the following instructions to the jury were right, namely, that " a mere expression of opinion was not enough, and the jury must be cautious on this point; that there must be a misrepresentation of some existing fact or state of things; that if the jury believed that the representation of the value of the mortgaged premises was not an expression of opinion merely, but an affirmation of a fact, made to enhance the supposed value of the security sold, the defendant

knowing the representation to be false, and that the plaintiff was relying on it, and was deceived thereby, it was sufficient, so far as this part of the case was concerned."

The court are of opinion that these instructions were inapplicable to the case proved; that in the representation made to the plaintiff there was no ground for the distinction which was made in the instructions, between the expression of an opinion merely and the affirmation of a fact; and that the representation was from its nature only the expression of an opinion, or pretended opinion. It was a representation of value, and of nothing more. No fact, affecting the value of the security, was affirmed by the defendant. The jury, therefore, could not legally find that the defendant affirmed to the plaintiff as a fact that the security was ample, and could be sold for its face at any time, and thereupon award damages against the defendant. The plaintiff had no right to rely on the representation of value as a fact, nor to place any confidence or trust in it. Such representation, however exaggerated, false and deceptive it may be, is not actionable, if the subject of sale be open to the buyer's observation. He is bound to examine or inquire for himself, and trust his own judgment, or take a warranty from the seller. 1 Rol. Ab. 101. *Davis* v. *Meeker*, 5 Johns. 354. 2 Kent Com. (6th ed.) 485 *& seq.* Story on Sales, (3d ed.) §§ 165–168. *Gordon* v. *Parmelee*, 2 Allen, 212. Oliphant on Horses, 83. *Starr* v. *Bennett*, 5 Hill, 303. The present case is not distinguishable from *Harvey* v. *Young*, Yelv. 21, as explained by Buller, J., 3 T. R. 57, and *Saunders* v. *Hatterman*, 2 Ired. L. 32.

As these exceptions are sustained on the ground that the evidence of misrepresentation made by the defendant was not sufficient to maintain the action, the questions which were raised by the defendant, as to the admissibility of parts of that evidence, become immaterial. *Exceptions sustained.*

*S. B. Ives, Jr.* for the plaintiff. The note was the principal thing which was the subject of sale, and the mortgage was a mere incident or adjunct. A false and fraudulent representation in regard to an incident or adjunct of a thing sold does not come within the rule that misrepresentations of the value of the thing

sold are not actionable. It is in some respects like the case of such a representation as to the character or responsibility of an indorser; *Lobdell* v. *Baker*, 1 Met. 193; S. C. 3 Met. 469; or as to the value of stock or scrip assigned as collateral.

*D. Saunders, Jr.* for the defendant.