[No. 11597.   Department Two. — September 29, 1887.]

## L. C. WALDEN, RESPONDENT, *v.* R. B. PURVIS, APPELLANT.

EVIDENCE — DECLARATION OF DONOR — FRAUD — GIFT. — Declarations made by a donor of personal property after parting therewith are inadmissible in evidence against the donee, either for the purpose of proving that the gift was fraudulent or otherwise.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Wright & Hazen,* for Appellant.

*Schell & Bond,* for Respondent.

HAYNE, C. — Action against the sheriff for taking 111 head of cattle alleged to have been the property of the plaintiff, under attachment against plaintiff's father. The plaintiff claimed eighty of the cattle under a sale from his father. Whatever errors may have been committed by the court in admitting or rejecting evidence in relation to these eighty cattle cannot be considered,

because the court held the sale of those cattle to have been fraudulent and void; and so far as they are concerned, the judgment was in favor of the appellant.

The balance of the cattle, viz., thirty-one head, were claimed by the plaintiff before the sale above mentioned. His account of these cattle is as follows: " I know the cattle in controversy. Part of them I bought from my father, and some were my original cattle, — thirty or forty, or possibly fifty head. What I called my original stock, some of them I got from my father. Farmers would leave some cattle for ranch fees, and he would give them to me, and I also got some by taking the calves of stray cows on the ranch, or a cow would get drowned or mired in the mud, and the calf was mine. Have had cattle for a number of years; some of them for ten years. Could not say how many I have had for one nor how many for two years. Owned them since they were calves. They range from one to seven or eight years."

This being the general position of the parties, the " counsel for defendant then asked that the witness be allowed to state what Miner Walden [the father] said at that time while in possession of the cattle in controversy. The plaintiff objected to the testimony, and the court sustained the objection, and refused to allow the testimony, to which ruling the defendant then and there excepted."

So far as " the cattle in controversy " included the eighty head, it makes no difference whether there was error or not; because, as above stated, the court held in appellant's favor that that sale was void. So far as it relates to the thirty-one head for which the plaintiff had judgment, the declaration sought to be proven was a declaration of the donor after he had parted with the property, and was inadmissible either to prove fraud or otherwise. (*Cohn* v. *Mulford,* 15 Cal. 52; *Jones* v. *Morse,* 36 Cal. 207.)

The other points made do not in our opinion materially affect the judgment for the thirty-one head.

We therefore advise that the judgment and order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.