GEORGE E. WELLING

v.

ANTHONY SCHILLER.

*Sales—Value—Fraudulent Representations—Action on Note—Failure of Consideration—Pleading.*

1.   General representations made by a vendor as to the value of property he offers for sale, will not be regarded as evidence of a fraudulent intent except in extreme cases.

2.   In an action on a promissory note given in payment for certain shares of the capital stock of a corporation, it is *held*: That the court below properly sustained a demurrer to special pleas of failure of consideration by reason of fraudulent representations, the allegations of fraud being insufficient to show failure of consideration.

[Opinion filed September 18, 1888].

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This was a suit brought by Schiller as assignee against Welling as maker of a promissory note bearing date March 13, 1886, whereby the latter promised to pay to Albert Schenbeck the sum of $500 ninety days after date, with interest.

The defendant pleaded the general issue and two special pleas. The first special plea was in substance as follows: *Actio non*, etc.

Welling v. Schiller.

"That on March 13, 1886, one Albert Schenbeck sold and delivered to defendant fifty shares of stock of the Spitzer Patent Starch Company; that, in consideration thereof and of the representation concerning the same as thereinafter mentioned, the defendant executed two promissory notes, one of which is the note forming said cause of action; that at the time of said sale and delivery, and before the execution and delivery of said notes to Schenbeck, the latter falsely and fraudulently represented to defendant that said Spitzer's Patent Starch Company was a corporation and would have a starch factory running in Chicago within thirty days from March 13, 1886; that said company would also extensively manufacture a certain paste and would realize large profits and gains from the sale thereof; that said stock was valuable and would become more valuable; that thereupon the defendant, upon the sole consideration of the transfer of said shares of stock and of said representations, which the defendant believed to be true and which the said Schenbeck knew to be false and fraudulent at the time they were so made, executed and delivered said note; that said shares of stock, at the time of such sale and representations, were worthless and of no value and have so remained ever since; that said company, within said thirty days, had no starch factory running, and has not had one running since; that said company never manufactured any of said paste, and has never realized any profits or gains from its sale of any starch; that the consideration upon which said note was made, has wholly failed; that the said note was assigned to plaintiff after its maturity." Plea concludes with verification, and prays judgment, etc.

The second special plea was like the first except that it averred that the assignment of the note to plaintiff was without consideration and not *bona fide.*

To the first plea the plaintiff filed a general, to the second a special demurrer, assigning for cause that it was double.

The court sustained both demurrers, and the defendant electing to abide by his pleas, the cause was tried upon the general issue and plaintiff had judgment, upon which defendant brings error to this court, assigning for error said ruling upon the demurrers.

Mr. B. M. SHAFFNER, for plaintiff in error.

Messrs. ELLIS & MEISELBAR, for defendant in error.

McALLISTER, J.   The only question involved in this case is
the sufficiency of one or both of the special pleas, as pleas of
failure of consideration.   Unless the matter averred amounted
to an express warranty as respected the shares of stock, or a
fraudulent misrepresentation of some definite, material fact
relating to the sale thereof, neither plea was good.

It is manifest that neither plea sets up an express warranty.
The only supposed misrepresentation as to a definite matter
of fact, is based upon the averment that Schenbeck, the seller
of the shares and payee in the note, represented that the stock
was valuable and would become more valuable, whereas in fact
it was worthless and he knew it.

The general rule, as to such misrepresentations constituting
such fraud as may be the basis of an action for deceit, are col-
lated in 3 Wait's Actions and Defenses, p. 435, with the
authorities in support of them.   It is there said: "General
representations made by a vendor as to the value of property
he offers for sale, or as to the price he has been offered for it,
will not, excepting in extreme cases, be regarded as evidence
of a fraudulent intent.   One who relies upon such assertions,
made by a person whose interest so readily prompts him to
invest the property with exaggerated value, does so at his peril
and must take the consequences of his own imprudence.
Manning v. Albee, 11 Allen, 520, 522; Curry v. Kayser, 30
Ind. 214; Ellis v. Andrews, 56 N. Y. 83; Dimmock v. Hallett, L.
R. 2 Ch. App. 26; Anderson v. Hill, 2 Sm. & M. (Miss). 679."

To which may be added Noetling v. Wright, 72 Ill. 390;
Medbury v. Watson, 6 Met. 259; Davis v. Meeker, 5 Johns.
354; Bump's Kerr on Fraud, p. 82 et seq.

The pleas, neither of them, set out the transaction of the
sale of the shares of stock otherwise than as an executed sale
of a specific, ascertained subject-matter.   It does not appear
that the shares were sold as being of any particular description;
that the corporation issuing them had not and never had any

capital; nor is it averred that the certificates for the shares were spurious. Torrey v. Buck, 1 Greene Ch. (N. J.) 366; Forbes v. Pausinsky, 14 Ill. App. 1, and books there cited; Mida v. Geissman, 17 Ill. App. 212.

We think the pleas were each of them substantially defective and for that reason affirm the judgment.

*Judgment affirmed.*