## PETER BYRNE v. SAMUEL STEWART, JR.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued January 22, 1889—Decided March 4, 1889.

1. In an action upon a note given to the plaintiff in part payment for a butcher-shop and fixtures sold, it is not error to refuse testimony of an overstatement by the vendor of the value of fixtures which were within the observation of the purchaser, as a defence to a suit for the price agreed to be paid.

Statement of Facts.

2. But where the plaintiff has adduced evidence that the property sold embraced the good-will of the shop, as well as the fixtures, as the good-will was dependent upon the business it represented, it was error to refuse an inquiry, on cross-examination, as to how much business was done there.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 173 July Term 1888, Sup. Ct.; court below, No. 602 June Term 1886, C. P. No. 1.

On July 3, 1886, an action in assumpsit was brought by Samuel Stewart, Jr., against Peter Byrne, to recover upon a note dated March 1, 1886, for the payment of $400 in three months after date, drawn by Joseph T. Byrne to the order of Peter Byrne, and by the said Peter Byrne indorsed. A plea was filed, but what it was did not appear upon the paper books.

At the trial on January 31, 1888, before BREGY, J., the plaintiff put the note in evidence and rested.

The defendant then introduced testimony, without objection, to the effect that he had indorsed the note for use as part of the consideration of $1,500 to be paid the plaintiff by Joseph T. Byrne and another brother, in the purchase of a meat-shop on Ridge avenue; that to induce the purchase the plaintiff, who knew that defendant was but an accommodation indorser, had represented that the purchasers could make the money in two months, that he himself had made $1,900 in six weeks, that the ice-box was worth $800, and the fixtures $1,500. The purchasers kept the shop a little over three months, when it was sold out by the sheriff.

James H. Young, called for defendant, testified that he was a carpenter and builder.

Q. "Have you examined the ice-box and fixtures in the place, and from your knowledge what can they be put there for?"

Objected to by the plaintiff.

By the court: Offer refused; exception.[1]

William Wein, called for defendant, testified that he had rented the house and owned the fixtures.

Q. "Just state to the jury first what you paid for the fixtures."

Objected to by the plaintiff.

By the court: Offer refused; exception.[2]

Q. " Have you ever fitted up any butcher places ? "

A. " There is an ice-box in my place."

Q. " I will ask you to state to the court the value of those fixtures."

Objected to by the plaintiff.

By the court: Offer refused; exception.[3]

The defendant then rested.

In rebuttal, the plaintiff testified that Owen Byrne had opened a tavern and plaintiff had loaned him money, and he asked Owen one day how he was getting along and he said, poor enough. Owen then came to buy the plaintiff out, and was asked $1,500; plaintiff told him there was a good living there for anybody; the first month he had kept there he had made $225; after that the place was so full of meat he couldn't take account of stock, but there was a good living for anybody.

Thomas Hughes, called for plaintiff, testified that he was a butcher by trade; went on Wednesdays and Saturdays; it took five of us on Wednesdays and Saturdays : " It was worth every dollar the Byrnes paid for it."

On cross-examination : Q. " I propose to ask this witness whether he was familiar with the store when Mr. Stewart had it, and how much business was done there."

Objected to by plaintiff.

By the court: Offer refused; exception.[4]

Fred Loney, called for plaintiff, testified that he was familiar with the store at the time it was bought by the Byrnes.

Q. " What would you have paid for the store at the time ? "

Objected to by the defendant.

By the court: Offer admitted; exception.[5]

Q. " What was the value, in your opinion, as the keeper of a shop like this ? "

Objected to by the defendant.

By the court: Offer admitted; exception.[6]

A. " $1,500, for a man in the business who understood his business."

The jury returned a verdict for the plaintiff for $441.68. A rule for a new trial having been discharged, the defendant took this writ assigning as error :

1–3. The refusal of the defendant's offers.[1 to 3]

4. The refusal of the defendant's offer.[4]

5. The court erred in overruling defendant's objection to the question put to witness Frederick Loney: "What would he have paid for the store at that time?"[5]

6. The court erred in overruling defendant's objection to the question put to witness Frederick Loney: "What was the value, in your opinion, as the keeper of a shop like this?"[6]

*Mr. William Gorman,* for the plaintiff in error:

The note in question was in the hands of the original party. Failure or want of consideration is always available as a defence in such cases, and where there is evidence tending to show unfairness, undue influence, or fraud, it may take a wide range: Hartman v. Shaffer, 71 Pa. 315; Sill v. Rood, 15 Johns. 230; Shepard v. Temple, 3 N. H. 455; Battles v. Laudenslager, 84 Pa. 446; 1 Wait, Actions and Defences, 615; Peterson v. Johnson, 22 Wis. 21 (94 Am. Dec. 581); Reed v. Prentiss, 1 N. H. 174 (8 Am. Dec. 50); Snyder v. Berger, 18 W. N. 490; Heath v. Slocum, 115 Pa. 549; McGrann v. Railroad Co., 111 Pa. 171; Howard Express Co. v. Wile, 64 Pa. 201.

*Mr. Robert H. Hinckley,* for the defendant in error:
No brief filed.

Opinion, Mr. Justice McCollum:

Samuel Stewart, the plaintiff below, sold to Owen Byrne and Joseph T. Byrne the fixtures and good-will of a meat shop, on Ridge avenue in Philadelphia, for $1,500, and received the note in suit in part payment of the price. Peter Byrne, the defendant below, is a brother of the purchasers, and indorsed the note for their accommodation, and on the representation of Stewart as to the cost and value of the fixtures and the amount of business he did there. He had no interest in the purchase, and was a mere surety for his brothers, as Stewart well knew. On the trial in the court below, it was proven without objection that Stewart, as an inducement to the purchase by the Byrnes, said that he had made $1,900 there in six weeks; that the icebox cost him and was worth $800, and that the Byrnes could clear in the business $150 a week. The defendant then offered

to prove the value of the fixtures, what they could have been put in for, and what William Wein afterwards paid for them. The proposed evidence was objected to and rejected, and upon its exclusion specifications one, two, and three rest. We cannot say that the court erred in refusing to receive this evidence. It related to the value of articles within the observation of the purchasers. It did not controvert any statement by the vendor of a material fact, nor authorize an inference of fraud in the sale. It might have shown that the fixtures were not worth as much as represented, but an overestimate by a vendor of the value of an article which he sells, does not create a cause of action against him, or a defence to a suit for the price agreed to be paid for it. The first, second, and third specifications of error are not sustained.

But while the defendant's offer to show the value of the fixtures was rejected, the plaintiff was permitted, under objection by defendant, to prove the value of the property sold by him, and that it was worth all that the Byrnes agreed to pay for it. From the evidence produced on this branch of the plaintiff's case, it is apparent that the " good-will " was an essential part of the subject of the sale. The witnesses based their estimates of the value of the property sold to the Byrnes, on the amount of business done there by Stewart. This was a matter peculiarly within the knowledge of the vendor, and not easily ascertainable by the vendees. They had the right to rely on his representation respecting it. If his statement in this particular was false, and induced them to buy the property, it would furnish at least a partial defence to an action for its price.

Thomas Hughes, a witness for the plaintiff, testified that he worked in the meat shop a month before, and up to the sale, and that the property " was worth every dollar the Byrnes gave for it." Defendant's counsel proposed to ask him on cross-examination if he " was familiar with the store when Stewart had it, and how much business was done there," and to this an objection was made and sustained. As the " good-will " was embraced in the sale, and its value was dependent on the business it represented, this inquiry was material and pertinent, and its prohibition was error. The fourth specification is therefore sustained.

The fifth and sixth specifications are not in compliance with the rule of court, and require no consideration.

> Judgment reversed, and a venire facias de novo awarded.