## George W. Cote *v.* H. L. Christy, Appellant.

*Sale—Expressions as to value by vendor not warranty.*

The vendor of property may hold and express to a vendee views of value quite at variance with those held by persons having no interest without vitiating a sale made of property. An expression of opinion is not in any sense a warranty; representation as to value however exaggerated, false and deceptive it may be, is not actionable if the subject of the sale be open to the buyer's observation.

*Practice, C. P.—Sufficiency of affidavit.*

An affidavit of defense on a suit on a promissory note given for chattels, after opportunity for inspection by vendee, is insufficient when, not alleging fraud, it sets up that vendee has been misled by vendor's representations inducing purchase.

Argued April 12, 1899. Appeal, No. 89, April T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 753, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Assumpsit. Before the court in banc.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for $362.02. Defendant appealed.

*Error assigned* was entry of judgment in favor of plaintiff for want of a sufficient affidavit of defense.

*D. F. Patterson,* for appellant.—The affidavit of defense contains more than merely an averment as to an expression of opinion by the plaintiff and avers that the plaintiff made statements wilfully and maliciously false and misleading with respect to the value of the property sold, and that plaintiff knew such statements to be false when he made them, that he made them for the purpose of swindling and defrauding the appellant, and that appellant relied upon them as true when he made the purchase and gave the note in suit and the conveyances of his own property. The case is ruled by Martin v. Kline, 157 Pa. 473, and Smalley v. Morris, 157 Pa. 349.

*W. K. Jennings,* of *Jennings & Wasson,* for appellee.—It is not claimed that there was any concealment on the part of the vendor, or that the purchaser had not access to the same sources of information as the seller: Mahaffey v. Ferguson, 156 Pa. 156, citing Slaughter v. Gerson, 80 U. S. 379.

Mere representation as to the quality of the article sold does not constitute a warranty: Shisler v. Baxter, 109 Pa. 443.; Wetherill v. Neilson, 20 Pa. 448.

OPINION BY WILLIAM W. PORTER, J., May 18, 1899:

The note upon which suit is brought bears date on January 31, 1898. It was given in part payment of the sum of $1,000, contracted to be paid in cash on or about April 1, 1897. This cash was, with the conveyance of certain real estate, the consideration for the purchase of a brickyard by the defendant from the plaintiff. The conveyances were exchanged about the date last named. The defendant had therefore been in the possession of the brickyard for some ten months when he gave the note in suit. When the note became due he for the first time, so far as the record shows, set up that he had been induced to the original contract by the false representations of the plaintiff as to the value of the brickyard. He does not allege that he had not discovered the falsity of the alleged statements of value at the time he gave the note, nor does he allege any reason why it could not have been ascertained by him.

The affidavit admits that the defendant was in possession of a schedule of the property he was acquiring and does not allege

that he was prevented from making examination and inquiry as to the value of the property. If he did not utilize his opportunities for acquiring satisfactory information when entering into his contract of purchase, he can scarcely be heard to complain of any results that may have flowed from his omission, or that he has been deceived by the vendor's misrepresentations.

The allegations of misrepresentation relate wholly to the plaintiff's alleged assertions as to the value of the property he was selling. There is no allegation of any material fact which was falsely stated. The vendor of property may hold and express to a vendee, views of value quite at variance with those held by persons having no interest, without vitiating a sale made of the property. It is the expression of opinion, not in any sense a warranty. It is said in Veasey v. Doton, 85 Mass. 380, and quoted with approval in Mahaffey v. Ferguson, 156 Pa. 156, 169, that representation as to value " however exaggerated, false and deceptive it may be is not actionable if the subject of the sale be open to the buyer's observation."

The affidavit does not set forth a defense to the note in suit and the judgment of the court below is therefore affirmed.