[Civ. No. 603. Second Appellate District.—April 5, 1909.]

IDA WEGERER, Appellant, v. D. P. JORDAN, LOUISE JORDAN, A. L. ROWE, DORA ROWE, WILLIAM V. HOLLEY, and JACOB MEYER, Respondents.

FORECLOSURE OF MORTGAGE—NON-NEGOTIABLE NOTE—DEFENSE—FRAUD IN SALE OF MINING STOCK—MISREPRESENTATIONS AS TO VALUE—FINDINGS AGAINST VALUE UNSUPPORTED.—In an action to foreclose a mortgage securing a non-negotiable note, in which the defense is that it was given in payment of Mexican mining stock, representing a mine of no value, and that the stock was without value, but that the purchase was made on the faith of fraudulent representations that the mine and stock were of great value, *held*, that findings that the mine and stock were of no value at the time of the transaction are unsupported by the evidence, there being no proof of either fact, and that from aught that appears to the contrary, the mine might be fabulously rich, and the misrepresentation therefore fail of proof.

ID.—FINDING OUTSIDE OF ISSUES—EXPRESSIONS OF OPINION.—*Held*, that a finding to the effect that the payees of the note represented that the stock would pay immense dividends, and would bear six per cent interest on the investment, was outside of the issues, there being no averment in the answer to that effect; but that such representations, if made, were not statements of fact, but mere expressions of opinion as to future profits, which, if not realized, could form no basis for recovery or for defense to the note and mortgage.

ID.—EVIDENCE NOT TENDING TO PROVE WORTHLESSNESS OF STOCK WHEN PURCHASED.—*Held*, that testimony of the makers of the note and mortgage that they had received no dividends and no interest on the stock, and an admission by one of the payees of the note, after the same was transferred to the plaintiff, that the stock was then valueless, made about one year after the sale of the stock, do not tend to prove that it was valueless when purchased.

ID.—PROSPECTUS OF MINE.—Where the prospectus of the mine placed in evidence contained representations as to the amount of the ore on the dump, as well as the amount blocked, and purports to give the mill assays of the ore, it cannot form any basis of defense where it is neither alleged nor found that defendants were thereby induced to purchase, nor that its representations were false.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Kendrick, Knott & Ardis, for Appellant.

Ralph F. Graham, for Respondents D. P. Jordan, Louise Jordan, A. L. Rowe, and Dora Rowe.

Theodore Martin, for Respondents Holley and Meyer.

SHAW, J.—This is an action to foreclose a mortgage on certain real estate given to secure the payment of a non-negotiable promissory note, which note and mortgage had been by defendants D. P. and Louise Jordan made and executed to their codefendants W. V. Holley and Jacob Meyer, and prior to the delivery of which defendants A. L. and Dora Rowe indorsed the same. The court gave judgment in favor of plaintiff against Holley and Meyer as prayed for, and gave judgment against plaintiff in favor of the other defendants, from which, and an order denying her motion for a new trial, plaintiff prosecutes this appeal.

The note and mortgage bear date May 19, 1905, and Holley and Meyer, on June 13, 1905, for a valuable consideration, indorsed, transferred and assigned the same to plaintiff. The complaint is in the usual form.

The defense of respondents, other than Holley and Meyer, is based upon the alleged fraud of the latter in procuring the note and mortgage signed by defendants Jordan, as well as the indorsement thereof by defendants Rowe.

It appears that the note was given in payment for ten thousand shares of the capital stock of the Imperial Gold Mines Company of Mexico, which stock and the mines of said company Holley and Meyer represented "to be of great value," and that by reason of such representations their codefendants were induced to give said note so indorsed by defendants Rowe, together with the mortgage securing payment of the same.

The answer alleges "that the said representations as to the value of said mining stock were false, and it is the information and belief of these defendants that the said Imperial Gold Mines Company have never had any mines

in the Republic of Mexico, and that the mining stock had no value whatever.''

The court, among other facts, found ''that the stock was of no value,'' and ''that the note and mortgage were obtained by false and fraudulent representations, which representations were as follows: Holley and Meyer represented to defendants Jordan and Rowe that the said mining stock was of great value; that the mine owned by the Imperial Gold Mines Company was of great value; that the stock would bear six per cent interest on investment; that the stock would pay immense dividends, all of which said representations being false and fraudulent and being intended to deceive and defraud the defendants Jordan and Rowe, and that said Jordan and Rowe were deceived by said representations of Holley and Meyer which were false and fraudulent, and that defendants Jordan and wife were induced by said false and fraudulent representations to execute the note and mortgage, . . . and by means of said false and fraudulent representations A. L. Rowe and his wife, Dora Rowe, were induced to sign the same as guarantors.''

That the representations were made and defendants thereby induced to make the purchase, and to make and execute the note and mortgage in payment of such purchase, is sufficiently shown.

That part of the finding to the effect that Holley and Meyer represented the stock would pay immense dividends is not responsive to any issue and finds no support in the pleadings, for the reason that it is not alleged that Holley and Meyer, or either of them, ever made such representation. Moreover, such representation, and that to the effect that the stock would bear six per cent interest on the investment, are not statements of fact, but mere expressions of opinions as to future profits, which, if not realized, afford no basis for recovery. (*Gordon* v. *Butler*, 105 U. S. 553; *Robertson* v. *Parks*, 76 Md. 118, [24 Atl. 411]; Smith on the Law of Fraud, sec. 68.) The only representation alleged in defendants' answer to have been made by Holley and Meyer is that the stock was of great value and that the mine was of great value. Aside from the fact that the term ''great value'' is indefinite and too general in its meaning to form a basis for an action, it might well be contended that such representation

was more in the nature of an opinion than the representation of fact affecting the value. (*Deming* v. *Darling*, 148 Mass. 504, [20 N. E. 107]; *Veazie* v. *Doton*, 85 Mass. 380.)   However this may be, the record discloses no evidence whatever touching the value of the mine.   From all that appears therein to the contrary, the mine may have been "as rich as the Rosario Mine, which produced forty million dollars pure gold."   No effort was apparently made to produce any evidence tending to show the fact, if it was a fact, that the mine was, at the time of the transaction, without value.   Therefore, the finding to the effect that the representation as to the value of the mine was false and fraudulent is wholly without support of evidence.

Neither is the finding that the representation as to the value of the stock was likewise false and fraudulent supported by sufficient evidence.   Defendant Jordan testified: "I have received no dividends and no interest on this stock." Another witness testified: "There has been no dividends or notice of any."   The payment of dividends and amount thereof are elements affecting the value of corporate stock, but it by no means follows that such stock has no value because of a failure to pay dividends thereon.   There was testimony tending to show that about one year after the date of the sale Holley, one of the payees of said note, admitted that the stock was then practically worthless.   Inasmuch, however, as Holley and Meyer had at the time of making the admission transferred all interest in the property to plaintiff, it is questionable whether she could be bound by such admission.   (*Cohn* v. *Mulford*, 15 Cal. 52; *Walden* v. *Purvis*, 73 Cal. 519, [15 Pac. 91].)   But, conceding its competency as evidence, it is not, indeed cannot be, claimed that such admission had reference to the value of the stock at the time of the transaction, but related to its value about one year after the making of the representation.   That it was then worthless was not a fact tending to prove that it was valueless twelve months prior to such time.

The prospectus offered in evidence contains representations as to the amount of ore on the dump, as well as the amount blocked out, and also purports to give the mill assays of such ore; but it is not alleged nor found that such representation of these and other facts affecting the value of the mine in-

duced defendants to purchase the stock; nor is it alleged or attempted to prove that they were false.

The judgment and order are reversed.

Allen, P. J., and Taggart, J., concurred.