## Wolford & Wolford *v.* Joseph Conway, Appellant.

*Real estate—Sales—Agreements—Affidavit of defense—Insufficiency.*

In an action of assumpsit to collect a check given on account of the purchase price of real estate, the affidavit of defense admitted the giving of the check but alleged as a defense to its payment, that the real estate was not as represented. There was no evidence of any confidential relationship between the parties, and no allegation that the defendant did not have an opportunity to examine the property or that he was induced to refrain from making inquiries by any representation of the plaintiff.

In such case, the affidavit of defense was insufficient to prevent judgment.

The buyer had no right to rely on the representation of value as a fact or to place any confidence or trust in it. He was bound to examine or inquire for himself and trust his own judgment or take a warranty from the seller. If the buyer had never seen the property and had no means of ascertaining the value, such facts should have been set forth in the affidavit of defense.

Argued November 21, 1927. Appeal No. 209, October
T., 1927, by defendant from judgment of C. P., Dela-
ware County, June T., 1926, No. 1283, in the case of
James M. Wolford and Torrence Wolford, trading as
Wolford & Son, v. Joseph Conway. Before Porter,
P. J., Henderson, Trexler, Keller, Linn, Gawthrop
and Cunningham, JJ. Affirmed.

Assumpsit on check. Before Fronefield, P. J.

The facts are stated in the opinion of the Superior
Court.

Rule for judgment for want of a sufficient affidavit
of defense.

The court made absolute the rule. Defendant ap-
pealed.

*Error assigned* was the judgment of the court.

*John E. McDonough,* for appellant.

*Paul Lane Ives,* for appellee.

Opinion by Trexler, J., March 2, 1928:

The court below entered judgment for want of suf-
ficient affidavit of defense. The statement of claim al-
leges receipt of a check for $800 on account of the
purchase money of the sale of certain lots in Cecil
County, Maryland, the total consideration being
$2,400.

The check was duly presented for payment, but the
drawer had in the meanwhile stopped payment of it.
The affidavit of defense admits the giving of the check,
but seeks to avoid payment of it by the assertion that
the lots were purchased by the defendant on the ex-
press representation by the plaintiffs to the defendant
that they were worth in the market not less than
$2,400 and that the said plaintiffs could sell the same
for the defendant for a sum in excess of that amount

within two weeks from the 26th day of May, 1926, the date of said agreement; that relying upon the representation, the defendant gave his check to the plaintiff for $800 and executed the agreement and without such representations, he would not have done so. The defendant avers said lots were not worth $2,400, that he learned subsequent to the execution of the agreement that they were not worth anything and had no market or resale value whatever.

It will be observed that in this affidavit of defense, the defendant does not set forth that he had no opportunity of examining the land that he was about to purchase, or that the means for the ascertainment the market value of the property were not available or that he was induced by any statements on the part of the plaintiffs to refrain from making such inquiries. The statement as to the value of the land was an expression of opinion which did not amount to a guarantee. There was no relation of trust or confidence between the parties and unless such is present or the statement of value is coupled with untrue representations as to material facts, the proof of such statement is not a defense to the action upon the contract. Byrne v. Stewart, 124 Pa. 450; Edelman v. Latshaw, 180 Pa. 419. The buyer had no right to rely on the representation of value as a fact or to place any confidence or trust in it. He is bound to examine or inquire for himself and trust his own judgment or take a warranty from the seller. If the buyer has never seen the property and has no means of ascertaining its value, such facts should be set forth on the affidavit of defense. In their absence, we presume that the means of examination were open to him. Mahaffey v. Ferguson, 156 Pa. 156-169; Cote v. Christy, 10 Pa. Superior Ct. 318.

There is an allegation in the affidavit of defense that the defendant has learned that the lots are worthless

and have no market value at all.  The lower court in
its opinion regarded this as insufficient, that defend-
ant should have stated as a fact that they were worth
nothing and had no market value.  It would seem that
the failure of consideration would be in not getting
the lots.  As long as he could get the lots upon pay-
ment of the consideration he could hardly say that he
did not receive what he bargained for, even though he
might now learn that they were not worth anything.

In Coil v. Pittsburgh Female College, 40 Pa. 439,
there was a note given in settlement for subscription
of a scholarship, but the affidavit of defense alleged
that the scholarship was worthless and that the sub-
scription was induced by representations made by the
agents of the college at the time of the subscription,
that it was worth the amount charged for it.  The
Supreme Court held that the affidavit was insufficient.

As to the allegation that the plaintiff could sell the
lots for the defendant for a sum in excess of the
amount paid for them within two weeks, it does not
appear in the affidavit that the assertion of the plain-
tiffs was tested by any request on the part of the de-
fendant that the lots should be sold.  We need not
therefore, discuss whether such promise could be re-
garded in any sense as binding upon the plaintiff.

The judgment is affirmed.