· ROBERT SWAN *vs.* JAMES LITTLEFIELD & another.

The commencement of an action, in defence to which the defendant relies on a discharge in insolvency, whereupon the plaintiff becomes nonsuit, by leave of the court, is not sufficient to prevent the operation of the statute of limitations, within the Rev. Sts. *c.* 120, § 11.

THIS was an action commenced on the 19th of August, 1849, to recover the amount of a promissory note, dated July 24th, 1841, payable in six months, and signed by the defendants, to which they pleaded the general issue, and in defence relied on the statute of limitations, and discharges under the insolvent law of the state, and the bankrupt law of the United States. At the trial, in the court of common pleas, before *Hoar*, J., the plaintiff admitted the discharges, and that his cause of action accrued more than six years prior to the commencement of the suit; but he alleged, that the discharges were void, by reason of fraudulent preferences, and that the statute of limitations was no bar to this action, by reason of a fraudulent concealment of the cause of action, and by reason of the failure of a former suit on the note.

In regard to the last ground for avoiding the operation of the statute of limitations, (the other was waived in this court,) it was in evidence, that on the 10th of April, 1847, the plaintiff commenced an action in the court of common pleas against the defendants on the note now in suit, in answer to which the defendants filed a specification of defence, alleging a discharge under the insolvent law, and also under the bankrupt act of the United States. The action being continued to the next September term, the plaintiff, on the motion of the defendants, was ordered to file his reasons for avoiding the discharges. When the reasons were filed, the defendants objected to them as too general, and the plaintiff was ordered by the court to furnish a more specific statement. A statement being furnished accordingly, the defendants still objected, and the court ordered a further and more specific statement to be filed. The plaintiff again filed a statement of reasons, but the defendants alleged, that they were not in conformity with the order of the court,

and gave the plaintiff notice accordingly, and that they should object to the introduction of any testimony except as to facts which were specifically set forth. When the action came on for trial, at the December term, 1848, the presiding judge ruled that no evidence could be offered by the plaintiff, except upon such facts as were specifically set forth in his reasons for avoiding the defendants' discharges in insolvency and bankruptcy. The plaintiff, thereupon, by leave of the court, became nonsuit; the nonsuit to be taken off, if the whole court of common pleas should so determine; and the action was continued to the April term, 1849, when the whole court of common pleas directed the nonsuit to stand. There was no defect of form in the process, nor was there any other ground for the nonsuit than as above stated.

The presiding judge ruled, that the former suit and the proceedings therein were not sufficient to take the case out of the operation of the statute of limitations, and the jury returned a verdict for the defendants. The plaintiff thereupon excepted.

*A. L. Cushing,* for the plaintiff, cited *Cook* v. *Darling,* 2 Pick. 605; *Coffin* v. *Cottle,* 16 Pick. 383; *Hunt* v. *Spaulding,* 18 Pick. 521; *Cornell* v. *Moulton,* 3 Denio, 12; *Lawrence* v. *Leake &* *Watts Orphan House,* 2 Denio, 577.

*J. J. Clarke,* for the defendants.

By THE COURT. The nonsuit in the first action was on the merits. The defendants set up their discharge; and the plaintiff, not being able to encounter successfully the discharge, became nonsuit, which was confirmed by the whole court of common pleas. This action is not within the provision of the Rev. Sts. *c.* 120, §§ 11 and 12.

*Exceptions overruled.*