THE PRESIDENT, DIRECTORS AND COMPANY OF THE SUFFOLK BANK *vs.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE LOWELL BANK.

In an action against a bank to recover the penalty provided by Rev. Sts. c. 36, § 29, for delaying payment of its bills, it is not necessary to set out copies of the bills in the declaration.

ACTION brought in this court, containing counts in contract and in tort, to recover the penalty provided by Rev. Sts. *c.* 36, § 29, for a refusal by the defendants' officers to pay, in gold or silver money, bills issued by the defendants. The counts were all substantially in the same form, and one of them was as follows:

"And the plaintiffs say the defendants made and issued bank bills of their bank to the amount of thirty thousand dollars; and the plaintiffs were the holders of the same, and, on the twenty-fourth day of September last, presented the same for payment at the banking-house of the defendants, at their usual place of business, and in their usual hours of business, and then and there requested payment of said bills in gold or silver money; and the defendants' officers then and there refused

payment thereof in gold or silver money, and continued so to refuse until the twenty-fourth day of February last, by means of which, and of the law and statute in such cases made and provided, the defendants became liable to pay damages at the rate of twenty-four per cent. a year for the time during which such payment was refused, from the said twenty-fourth day of September to said twenty-fourth day of February."

The defendants filed the following demurrer:

"And now the defendants demur to the plaintiffs' amended declaration, because no cause of action is therein set forth substantially in compliance with the rules of law, in this:

" Because the substantive facts necessary to constitute the cause of action are not stated with substantial certainty.

" Because it does not set forth the bills alleged to have been presented, or copies of them, or give any reason why the same are not set forth.

"And because said declaration is in other respects insufficient."

The case was reserved for the determination of the whole court.

*C. B. Goodrich,* for the defendants, cited *Bullard* v. *Bell,* 1 Mason, 243; *Churchill* v. *Merchants' Bank,* 19 Pick. 532.

*P. W. Chandler & G. O. Shattuck,* for the plaintiffs.

CHAPMAN, J. The defendants demur to the plaintiffs' declaration, and assign their causes of demurrer pursuant to Gen. Sts. *c.* 129, § 12. One of the causes of demurrer which the statute authorizes is, " that the declaration, or some count thereof, as the case may be, does not state a legal cause of action substantially in accordance with the rules contained in this chapter." But in setting forth such a cause of demurrer the party is required to go further. " The particulars in which the alleged defect consists shall be specially pointed out." Under this provision it has been decided that the party must be confined to the causes of demurrer specified by him, although the declaration may be defective on grounds not specified. *Washington* v. *Eames,* 6 Allen, 417.

The only defect which the defendants' demurrer specifically points out is the following: " Because it [the declaration] does

not set forth the bills alleged to have been presented, or copies of them, or give any reason why the same are not set forth." All that precedes this statement must be regarded as merely introductory, for it does not of itself specifically point out any defect.

But the statute does not make it necessary to set forth the bills or copies of them, or give any reason why they are not set forth. The Gen. Sts. c. 129, § 2, cl. 9, only require that written instruments, except policies of insurance, shall be declared on " by setting out a copy, or such part as is relied on, or the legal effect thereof, with proper averments to describe the cause of action." So that a declaration may be good, though it does not set forth the instrument declared on, nor a copy of it, nor give any reason why the same are not set forth, provided it sets forth the legal effect with proper averments. Whether the declaration in this case properly sets forth the legal effect of the bills declared on, with proper averments, cannot be considered under the present demurrer, because no defect of this character is specifically pointed out. The pleader has merely pointed out as a defect the want of allegations that it is not necessary to make.

*Demurrer overruled.*