ISAAC BANTA

*v.*

JAMES Q. PALMER.

1.  VENDOR—*mis-statement of, to a purchaser—respecting the price paid by himself —when of no avail.*  Where a vendor of lands, falsely stated to the purchaser, that he himself had paid $85.00 per acre for them; and, thereupon, received that price, when, in fact, he had paid but $75.00 per acre, such mis-statement, in the absence of a fiduciary relation between the parties, is not sufficient cause for rescinding the sale, much less to allow the purchaser to retain the property, and recover back a part of the purchase price.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant, in the court below, to recover back certain moneys alleged to have been fraudulently obtained from him by appellant, in the purchase of certain lands.  The cause was tried before a jury, who rendered a verdict for the plaintiff for $430.00.  A motion for a new trial was made, which the court overruled, and entered judgment upon the verdict, whereupon an appeal was taken to this court.  The further facts in the case are fully given in the opinion.

Messrs. MORRISON & EPLER, for the appellant.

Messrs. DUMMER & ATKINS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the parties were both sworn, and the plaintiff, on his examination in chief, testified that in August or September, 1866, the defendant proposed to him that they jointly

buy, from one Warner, eighty acres of land, at eighty-five dollars per acre, and that plaintiff should have one-half, and defendant the other; that plaintiff agreed to this, and defendant was to make the purchase in his own name; that the purchase was made in October, and Warner conveyed to plaintiff one-half the land, and plaintiff paid for it at the rate of eighty-five dollars per acre, which, defendant told him, he had paid, whereas he had, in fact, paid but seventy-five dollars per acre. But, on the cross-examination, the plaintiff stated, that although he had calculated to take one-half the land, if the defendant made the purchase, he did not remember ever having told him he would do so until the day he received his deed. The defendant testified that he had proposed to the plaintiff to purchase jointly, but plaintiff had declined, and he then bought on his own account and re-sold to plaintiff.

If an arrangement had been made between the parties for the purchase of the land on joint account, and the defendant had deceived the plaintiff as to the price paid, there could be no question but that the verdict of the jury was right. But the plaintiff was obliged to admit, on his cross-examination, that no such arrangement had ever been made. He had " calculated " to accept the defendant's proposition, but had never done so until the day he got his deed, which was after defendant had contracted with Warner for the land. This is fatal to the plaintiff's case. If no fiduciary relation existed between the parties, however wrong, morally, it may have been in the defendant to misrepresent to the plaintiff the price he had paid for the land, the misrepresentation does not entitle the plaintiff to recover back the difference between what he had paid for the land, and what it had cost the defendant. Having entered into no agreement with defendant that the land should be bought on joint account, he was under no obligation to take one-half of it. He took it voluntarily, with full knowledge of its actual value, and as a purchaser from the defendant, and, although an honest vendor of property

would not mis-state the price he had himself paid, yet, if he does do, it has never, we think, been held that such mis-statement, in the absence of a fiduciary relation between the parties, would be a sufficient cause for rescinding the contract, and much less for allowing the purchaser to retain the property, and recover back a part of the price paid. We are of opinion that the case should be submitted to another jury, with an instruction by the court, that the case turns upon the question whether, before the land was purchased by the defendant, it had been agreed between him and the plaintiff that it should be purchased for their joint benefit.

*Judgment reversed.*