State of Maine *v.* Peck.

STATE OF MAINE *vs.* BENJAMIN D. PECK and others.

*Pleading. Special demurrer—judgment on—practice.*

When a special demurrer to a replication, setting out all the facts necessary to maintain the plaintiff's case, is overruled and the replication adjudged good, final judgment follows.

But under R. S., c. 82, § 19, judgment is not rendered on demurrer until the term following the certificate of the decision.

Nor then, if the costs are paid and new pleadings are filed on the second day of the term.

If the costs are not paid and new pleadings filed on the second day of the term succeeding the decision, the right to pay and file them is waived.

When the replication to a plea of performance of the conditions of a bond for the performance of covenants and agreements, sets forth the precise amount of money received by the principal and unaccounted for, and is adjudged good on special demurrer, the sum named is a fact admitted by the demurrer, and judgment must go for that amount.

A plea of *puis darrein continuance* may be filed after issue joined, but not after that issue has been decided.

ON EXCEPTIONS.

DEBT on the official bond of Benjamin D. Peck, treasurer of the State of Maine, dated Jan. 28, 1858.

Writ dated March 23, 1861.

At the April term, 1868, the defendants pleaded full performance of the covenants and condition of the bond. To which the plaintiff replied, that the principal defendant was treasurer of the State from Jan. 13, 1858, to Feb. 4, 1859, and that on Jan. 14, 1858, and divers other days and times between that day and Feb. 4, 1859, the said Peck, as said treasurer, received divers sums, amounting to $39,231.19, belonging to the State of Maine, and hath not accounted for any part of it. To this replication the defendants filed a special demurrer, which was joined.

(The pleadings may be found 58 Maine, 123.)

May 30, 1871, the certificate of the decision of the law court was received by the clerk overruling the demurrer and adjudging

the replication good. On the 13th day of the succeeding October term, 1871, the defendants moved for leave to withdraw the demurrer without the consent of the plaintiff and plead to the issue, tendering therewith a rejoinder alleging, substantially, that Peck did account for and pay to the plaintiff the said sums of money by the replication alleged not to have been paid, and tendered an issue to the country. But the presiding judge overruled the motion and declined to receive the rejoinder, and ordered judgment to be entered for the plaintiff for $150,000, the penalty of the bond. ·

Thereupon the defendants moved to be heard in chancery, and that execution may not issue for more than is due in equity and good conscience pursuant to the statute ; and the presiding judge allowed the motion, and ruled, as matter of law, that it is incumbent upon the defendants to show that relief from the forfeiture of the penalty, named in the bond, ought in equity and good conscience to be granted. And in the absence of any evidence, other than that found in the pleadings, and the attorney-general signifying his willingness to accept the sum named in the replication, the presiding justice directed execution to issue for the sum of $39,-231.19, with interest on that sum from the date of the writ. And the defendants alleged exceptions.

On the 22d day of the April term, 1872, four of the defendants filed a plea *puis darrein continuance*, alleging, substantially, that the action ought not to be further maintained against them, because that after the last continuance, to wit, on May 3, 1872, the plaintiff, by his writing of discharge and release, did release and discharge one Cummings from all liability as surety upon the bond in suit. But the presiding justice ruled the plea inadmissible at that stage of the cause ; and the defendants alleged exceptions.

*T. B. Reed*, attorney-general, for the State.

*J. & E. M. Rand*, for the defendants.

The defendants had a right to rejoin.

Not proper to enter a final judgment for the plaintiff, upon overruling a special demurrer to a replication.

The bond in suit is not one for performance of contracts, but one with a condition of defeasance. *Philbrook* v. *Burgess*, 52 Maine, 272.

A special demurrer does not admit the truth of all facts well pleaded, as is the case with general demurrer.

Even general demurrer does not admit damages,—an averment that defendant owes plaintiff a stated sum as damages. *Willard* v. *Baldwin*, 3 Gray, 484.

, Nothing in R. S., c. 82, § 19, deprives defendants of right to rejoin; but only declares that a demurrer once filed shall be ruled upon unless withdrawn by consent before ruling.

Court having allowed defendants to be heard in chancery, the burden was upon the plaintiff to show amount due. *Gowen* v. *Nowell*, 2 Greenl. 13.

If the proceedings in entering judgment were proper, plea *puis darrien continuance* too late, otherwise not.

DANFORTH, J. This case has once been before the law court upon a special demurrer to the plaintiff's replication, 58 Maine, 123.

The demurrer was overruled, the replication held good, and the case sent back for final judgment, unless the defendants were permitted to withdraw their demurrer and plead anew under the provisions of the R. S., c. 82, § 19. At the term subsequent to the announcement of the decision, the defendants' counsel moved for leave to withdraw said demurrer, without the consent of the plaintiff and without complying with the provisions of the statute, and to plead to the issue. This motion was denied and judgment ordered for the plaintiff. To this the defendants except, and now claim the allowance of the motion as of right. If the judgment upon the issue, as made up, should have been *respondeat ouster*, the defendants are right in their claim, otherwise not.

Previous to the several acts embodied in the revision above cited, on a general demurrer, final judgment would have been ordered by the law court, and entered as of the preceding, instead of at the following term. The demurrer was not to a plea in abate-

ment but to a replication, which presented the full merits of the case. The party had his option to plead or demur. By electing the latter 'he shall be taken to admit that he has no ground for denial or traverse.' Stephen on Pl. 143.

The result of this principle is the well-established rule, 'that a demurrer admits all such matters of fact as are sufficiently pleaded.' It must be conceded that the replication contains all the facts necessary to maintain the plaintiffs' case, and the court have decided that it is sufficient in form. Hence a final judgment must necessarily follow. The authorities are to the same effect. Stephen, in his work on pleading, treating of judgments for the plaintiff says, on pages 104, 105, 'If it be an issue in law, arising on a dilatory plea, the judgment is only, that the defendant answer over. . . . Upon all other issues in law, and in general all issues of fact, the judgment is, that the plaintiff recover.' Also in note on page 144, 'On demurrer to any pleadings which go to the action, the judgment for either party is the same as it would have been on an issue of fact, joined upon the same pleading and found in favor of the same party.' *Clearwater* v. *Meredith*, 1 Wallace, 25, 43; *McKeen* v. *Parker*, 51 Maine, 389; *McAllister* v. *Clark*, 33 Conn. 258, and in *Parlin* v. *Macomber*, 5 Maine, 413; *Inhabitants of Washington* v. *Eames*, 6 Allen, 417, final judgment was ordered by the law court. But without denying the correctness of these principles when applied to a general demurrer, it is contended that they are not applicable to a special one, and it is said that none of the authorities so lay down the law. While this may be true, it is also true that in *Parlin* v. *Macomber* above cited, the court applied the law to a special demurrer, and also in *Washington* v. *Eames*, though in Massachusetts, under their practice act, all demurrers must be special. No authority has been cited, or fallen under notice, in which any distinction between the two kinds of demurrer, in respect to the judgment, has been alluded to, which, to say the least, is a little singular if any such difference exists.

Nor are we able to perceive any such distinction from the principles involved.

Every special demurrer includes a general one, for under the former ' the party may, on the argument, not only take advantage of the faults which his demurrer specifies, but, also, of all such objections in substance, as regarding the very right of the cause, as the law does not require to be particularly set down.' Stephen on Pl. 141, 142 ; Bouvier's Law Dict., ' Demurrer.' In the one just as much as in the other the party has his option to plead or demur, and must be equally bound by his election. But one answer, unless by leave of court, can be made to the plea, and if that is overruled, it must stand as true. A special demurrer raises a question of law just as much as a general one, and there is no exception to the rule as laid down, that where there is an issue of law upon a plea ' which goes to the action ' the judgment will be final.

To these principles of law the statute adds its mandate. R. S., c. 82, § 19, requires more than that the court shall rule upon the demurrer unless withdrawn. After providing for amendments or new pleadings as the case may require, it declares that, ' at the next term of the court in the county where the action is pending, after a decision on the demurrer has been certified by the clerk of the district to the clerk of such county, and not before, judgment shall be entered on the demurrer, unless the costs are paid, and the amendment or new pleadings filed on the second day of the term.' The statute gives the parties some rights which did not previously exist, and for the purpose of enabling them to secure those rights, the action is to stand upon the docket until the term following the certificate of decision.

But these rights must be asserted within the time and in the manner specified, otherwise they are waived, and the case ended. No distinction is made between a special and general demurrer, but the word used comprehends both. In this case the new pleadings were not filed on the second day of the term, nor do the costs appear to have been paid. Hence, in accordance with the statute, judgment must be entered.

The other question, raised upon the first bill of exceptions, relates to the burden of proof in fixing the amount of damages.

Whether the ruling upon this point is correct or otherwise, seems to be immaterial in this case, for the judgment to be entered must include the sum to be recovered as well as the right to recover. It may be, and undoubtedly is, true, that a demurrer to a declaration, alleging damages as the result of a wrong or an injury to property, damages technically so called, or as a conclusion of law from facts stated, would not admit the amount claimed. In such case it would be necessary to fix the amount by a subsequent inquiry by the proper tribunal. But the rule is otherwise when the action is to recover a specific sum, as upon a promissory note, account annexed or for money received. Stephen on Pl. 105.

In the latter case the sum named is as much a fact pleaded and admitted by the demurrer as any other stated in the declaration. *McAlister* v. *Clark*, before cited.

In this case the replication set forth the precise amount of money received by the principal in the bond, and unaccounted for.

That fact having been admitted by the demurrer, the judgment must go for that amount. The result is that the first bill of exceptions must be overruled.

This disposes of the second also. It is conceded by the defendants' counsel, that if the proceedings first excepted to were legal and proper, the plea of *puis darrein continuance* was filed too late. This would seem to be a self-evident proposition. Although the plea may be filed after issue joined, it has never been allowed after that issue has been decided. When a cause is ended it can hardly be revived in this way. *Exceptions overruled.*

APPLETON, C. J.; CUTTING, WALTON, and DICKERSON, JJ., concurred. TAPLEY did not concur.