# JOHN NŒTLING

*v.*

## CHARLES M. WRIGHT.

1. FALSE REPRESENTATIONS—*as to value of property sold, no cause of action.* A purchaser can not maintain an action against his vendor for false statements in regard to the value of the property purchased, or its good qualities, or the price he has been offered for it.

2. Where a party, capable of taking care of his own interests, makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced against which ordinary care could not protect him.

3. PLEADING—*two distinct causes of action can not be joined in the same count.* A count in which the plaintiff seeks to recover damages, in an action on the case, for deceit, and also for a breach of contract, can not be sustained.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

Messrs. UNDERWOOD & NŒTLING, for the plaintiff in error.

Messrs. WOOD & BARLOW, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by John Nœtling against Charles M. Wright, in the circuit court of Effingham county, to recover damages for deceit and misrepresentation on the sale of certain real estate and drugs, and the practice and good will of a physician.

The declaration contained six counts, to each of which a general demurrer was filed, and sustained by the court.

The plaintiff brings the case here, and assigns for error the decision of the circuit court in sustaining the demurrer to each count of the declaration.

It is alleged, in the first count, that the defendant made a false representation of the value of his property, practice and good will as a physician; that plaintiff, relying on the repre-

sentations, was induced to purchase the property and practice, and they were worth much less than represented.

In the second count, misrepresentation in the value of the real estate sold is charged.

In the third count, a sale of property of the value of $500, and the practice and good will of a physician, are alleged to have been sold for $2500; that the defendant represented his practice worth from $3500 to $6000 per annum; that these representations were relied upon, and were false; that the good will and practice were of no value.

We are aware of no principle of law upon which these averments can be held sufficient to support an action. Statements made by a vendor of property, as to its value, or the price he has been offered for it, or the good qualities of the property, are of daily occurrence in the sale and transfer of real and personal property in all commercial countries, and yet it has never occurred to any respectable law writer that, if such statements should prove to be false, an action for deceit could be maintained.

Statements of that character do not in anywise relieve the purchaser from the responsibility of investigation into the true condition or value of the property about to be purchased. Such statements are only regarded as *gratis dicta*, and, as is well said by Kerr, in his work on Fraud and Mistake, page 84: "A man who relies on such affirmations made by a person whose interest might so readily prompt him to invest the property with exaggerated value, does so at his peril, and must take the consequences of his own imprudence."

In the case of *Van Horn* v. *Keenan*, 28 Ill. 448, it was declared by this court, where a party, capable of taking care of his own interests, makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced against which ordinary care could not protect him.

In the case of *Miller* v. *Craig*, 36 Ill. 111, it was said: The appellant, in endeavoring to effect a trade with appellee, used no more artifice than is usual and allowable where a party wishes to dispose of property, real or personal. He has a right

to extol the value of his own property to the highest point his antagonist's credulity may bear, and depreciate that of the opposing party. This is the daily practice, and no one has ever supposed that such boastful assertions or highly exaggerated description amounted to fraudulent misrepresentation or deceit.

In view of these authorities, the averments in the three counts of the declaration can only be regarded as expressions of opinion as to values, for which no action can be maintained. *Vernon* v. *Keys*, 12 East, 632.

In the fourth count it is averred defendant was the owner of certain lots in the town of Fremanton, of the value of $500; and was in possession of the same as a physician, having a practice in and around the town; that the defendant, intending fraudulently to deceive, falsely and fraudulently represented to plaintiff that the property was worth $3000, and defendant's practice as a physician was worth $3500 per annum, and that defendant would sell and transfer said property and practice to plaintiff for $2500, and wholly relinquish to plaintiff his entire practice; and plaintiff, relying solely on said false and fraudulent representations as to the value of the property and practice, and that defendant would transfer the same to him in good faith, purchased the property and practice, and paid therefor $2500; that the practice was worth not to exceed $500 per annum, and the defendant, in fraud of plaintiff's rights, after the sale, entered into practice as a physician in the same neighborhood, thus defeating plaintiff of great profits which he might otherwise have made.

This count of the declaration can not be sustained by any well settled rule of pleading. It blends together two distinct causes of action. By it the plaintiff seeks to recover damages in an action on the case for deceit, and also recover for a breach of contract. The object of pleading is the production of a single issue upon the same subject matter of dispute. This, the count under consideration fails to do.

If it was conceded the averments in the count were sufficient to enable a recovery for a breach of the contract of defendant

in resuming practice, yet no recovery could be had in this action for a breach of the contract in this respect. The plaintiff would be compelled to resort to an action of assumpsit.

The fifth and sixth counts are liable to the same objection as the fourth. They, however, contain the additional averment, that the defendant falsely and fraudulently represented to the plaintiff that the country surrounding Fremanton was good, well improved, and the inhabitants, as a class, well off; but this representation, although false, can not support an action. It is merely the expression of an opinion, for which the vendor can not be held liable. The rule that exaggeration, as distinguished from misrepresentation, goes for nothing, applies with peculiar force to this statement.

It, however, appears from the averments in these counts that the plaintiff, at the time of the purchase, was at Fremanton, and had an opportunity to see and judge for himself the quality of the country and the wealth of the inhabitants.

In *Vernon* v. *Keys, supra,* the rule is stated to be, that the seller was liable to an action for deceit, if he fraudulently misrepresent the quality of the thing sold in some particular which the buyer has not equal means of knowledge with himself. Such, however, is not this case.

We are therefore of opinion the demurrer to each count of the declaration was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*

Mr. Justice Scholfield took no part in the decision of this case.