Am. Ins. Co. of Chicago v. Crawford.

## American Insurance Company, of Chicago,
## v.
## Rebecca Crawford.

1. FALSE REPRESENTATIONS—EXPRESSION OF OPINION.—Whether a plaintiff can get no more or is likely to recover no more by an action at law for loss of her property, than is offered to her in settlement, though made in the form of a positive representation, is after all but the mere expression of opinion, and is not a representation upon which the party has a right to rely.

2. REPRESENTATION MUST BE OF A MATERIAL MATTER.—Where the position of parties is that of adversaries, the law will not authorize either of them after a settlement has been made, to seek redress because of misrepresentation, unless it was of a material matter upon which it was proper for him to rely, and upon which he did rely.

3. INSTRUCTIONS—LAW AND FACT.—An instruction is erroneous if it leaves the jury to determine first what were the legal rights of the parties, and then to inquire whether one of the parties made false and fraudulent representations in regard to the same.

4. INSTRUCTIONS MUST BE CLEAR.—Instructions should always be couched in clear, intelligible terms, and if not so drawn they should be refused.

APPEAL from the Circuit Court of Marion county; the Hon. Amos Watts, Judge, presiding.   Opinion filed August 13, 1880.

Messrs. Neff & Stearns, for appellant; that new trials granted for errors in law are not within the rule limiting a party to two new trials in the same case, cited Silsbee v. Lucas, 53 Ill. 479; Stanberry v. Moore, 56 Ill. 472; Ill. Cent. R. R. Co. v. Patterson, 93 Ill. 290.

Messrs. Jennings & Bryan, for appellee; that a fraudulent intent can rarely be proved by direct evidence, and reliance must be had upon circumstantial evidence, cited Swan's Treatise, 448; Swift & Lee, 65 Ill. 336.

Where the evidence is conflicting a verdict will not be disturbed, even though this court would have been better satisfied with a different verdict: Clifford v. Luhring, 69 Ill. 401;

Bishop v. Busse, 69 Ill. 403; Simons v. Waldron, 70 Ill. 281; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; McConnel v. Kibbe, 33 Ill. 176; Hewitt v. Jones, 72 Ill. 218; Chittenden v. Evans, 48 Ill. 52; Newkirk v. Cone, 18 Ill. 449.

Fraud may be perpetrated by actions as well as words: Edleman v. Byers, 75 Ill. 367.

WALL, P. J. This suit was brought by the appellee against the appellant to recover an alleged balance due upon a policy of insurance. The insured property was destroyed by fire, and soon thereafter the adjusting agent of the company called on the appellee for the purpose of settling the matter. Consider-able discussion followed, as to the ownership of the property, the probability of a recovery, and the amount of the loss. The agent questioned the plaintiff's title to a portion of the property, and wished her to make oath to the fact, offering to pay her $700 if she would do so, but she declined on the ground that she was not sure that a part of it had not been purchased with her husband's money. She testified that the agent expressed his doubts as to whether the company was liable because of the way in which the fire occurred; that the company was about broke, but if she would take $700 he would go and see the company, and advised her to see her friends about it. In about an hour afterwards they again met, and he asked her if she had concluded to settle. She replied she wanted all she could get, but did not want to swear that all the property was hers. He then proposed the settlement that was afterwards made. He said it was better for her to get half a loaf than nothing. Her husband and one Mahaffey, the local agent of the company, advised her not to settle. On the contrary, one Green, a neighbor, and others, advised her to accept the offer. She signed and swore to the proofs of loss which the agent then drew up, and accepted the offer he made—$390— and executed a release of all claims under the policy. She now insists that she was deceived by the fraudulent represent-ations of the agent, and sues for the balance, which, she claims, was justly due her, and for which she has received nothing.

The case was tried by jury and resulted in a verdict of $200 for the plaintiff. The court below overruled a motion for new trial upon the ground, as stated in the bill of exceptions, that two new trials had already been granted the defendant in the case. The following instructions were given for plaintiff :

1.  The court instructs the jury, for the plaintiff, that if you believe, from the evidence, that the defendant, by its agent, falsely and fraudulently represented to the plaintiff, either by words or actions, or both, that she could get no more, or was likely to get no more, by law, for the loss of her property than it offered her, and thereby induced her to execute the proof of loss, receipt and release in question, then the law is that she may avoid the execution of said papers. And if you further believe, from the evidence, that under and by the terms of the policy she was entitled to recover more than she has been paid, then the law is that she may recover to the extent of two hundred dollars, if the proof shows that she is entitled to that sum.

2.  The court instructs the jury for the plaintiff, that if you believe, from the evidence, that after the destruction by fire of the property mentioned in the policy, it was competent for the defendant to waive all formalities, and settle with the plaintiff, then it is bound by all incidents so waived and growing out of such settlement, in the same manner and to the same extent as plaintiff may be bound by such settlement.

Whether the plaintiff could get no more, or was likely to get no more by law for the loss of her property than was offered her, though put in the form of a positive representation, must have been, after all, but the mere expression of opinion. In the case of Fish v. Cleland, 33 Ill. 238, it was said that a representation of what the law will or will not permit, is one upon which the party to whom it is made has no right to rely—if he does so it is his own folly. He cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be tested by ordinary, vigilance and attention. At best, it must be clear that such a representation as was here referred to, if it involved facts at all, was in substance but a mere speculation as to the result of litigation.

Again, it is not every willful misrepresentation of fact that will warrant a recovery. Where parties are standing on equal ground, where there is no relation of a fiduciary character, each one must exercise his own judgment and discretion, and where, as in this case, the position of the parties was that of adversaries, the law will not authorize either of them, after a settlement has been made, to seek redress because of misrepresentation, unless it was of a material matter upon which it was proper for him to rely, and upon which he did rely. Story on Eq. Jur. 191 to 200; 2 Kent's Comm. 484, Banta v. Palmer, 47 Ill. 99; Tuck v. Browning, 76 Ill. 71. This instruction left it to the jury to determine whether any representations made as to the result of a suit were false. This would depend upon the proper solution of the legal questions involved in the controversy, and thus the jury were in effect told to ascertain what were the legal rights of the parties at the time, and then to inquire whether the agent falsely and fraudulently represented the same. This instruction was erroneous, and should not have been given.

The 2nd instruction is quite obscure, and it is impossible to say what meaning it conveyed to the jury. Instructions should always be couched in clear, intelligible terms, and if not so drawn should be refused. Upon the merits of the case, it is proper to say, that after carefully considering the evidence, we are not satisfied with the verdict; we think it is not warranted by facts. It is difficult to say what representations were falsely made by the agent. It does not appear that he misrepresented any material fact. His suggestions as to the insolvency of the company, and that it would be better that the plaintiff should take the sum offered rather than incur the risk of losing all, can not be deemed of sufficient importance to justify a recovery. Such statements are trivial in their nature, and if it were held that proof of their falsity would sustain this verdict, we presume there are few settlements and compromises that might not be set aside for similar reasons.

The law can not undertake to hold parties to exact accuracy in the statement of their views as to matters which they are seeking to adjust, and where, as here, they are at arm's

length, occupying adverse positions, and necessarily not relying, or having a right to rely upon the judgment of each other, it would be unreasonable to say that an action would lie because one of them had expressed an unfounded opinion as to the result of the controversy if it went to law, or as to the solvency of his principal. In the language of Chancellor Kent, " the common law affords to every one reasonable protection against fraud in dealing; but it does not go to the romantic length of giving indemnity against the consequences of indolence and folly, or a careless indifference to the ordinary and accessible means of information. " The plaintiff had the advice of her husband and neighbors, and after hearing all, she exercised her own discretion, so far as the evidence shows, without relying in the least upon the opinions, or statements of the agent. We think there is no cause of action. The judgment is reversed.                    Reversed.