## Charles D. Hauk

*v.*

## William J. Brownell *et al.*

*Filed at Springfield March 23, 1887.*

1. Fraud—*false representations as to the cost of an article proposed to be sold.* Where, pending negotiations for the sale of property, the vendor and vendee are dealing at arm's length with each other, the representations of the former as to the cost of his property, even though false, and made with a view to deceive, will furnish no ground of action, nor authorize the vendee to rescind the contract.

2. This rule, however, does not apply where any fiduciary relation exists between the parties, or where the property in regard to which the vendor makes a false statement has been bought by him on the joint account of himself and his vendee. In such case, a misrepresentation as to the price paid will give a right of action.

3. Measure of damages—*in action to recover back purchase money obtained by fraud.* Where a vendor of an interest in a certain license, falsely represented to another the cost of the license, and thereby induced the latter to make the purchase, under the belief that the license cost as much as represented, it was *held*, in assumpsit by the purchaser to recover back the money paid under the contract, that he was entitled to recover the whole sum paid by him, with six per cent interest thereon.

4. Instruction—*in respect to the existence of an undisputed fact.* In a case where there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, an instruction ought not to assume that it is or may be doubtful. To call upon the jury to decide whether an undisputed fact is or is not proven, is to mislead them by inducing them to suppose that they may find the fact either way, where the evidence warrants but one conclusion.

Writ of Error to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. Reeves, Judge, presiding.

Messrs. Kerrick, Lucas & Spencer, for the plaintiff in error:

A mis-statement to the vendee by the vendor of an article, as to the price paid by the vendor, will not support an action. The authorities are all to the same effect on that question.

11—120 Ill.

162 HAUK v. BROWNELL et al.

Brief for the Defendants in Error.    Opinion of the Court.

*Banta* v. *Palmer,* 47 Ill. 99; *Noetling* v. *Wright,* 72 id. 390; *Tuck* v. *Downing,* 76 id. 71; *Plummer* v. *Rigdon,* 78 id. 222; *Merwin* v. *Arbuckle,* 81 id. 578; *Hemman* v. *Cooper,* 8 Allen, 334; *Holbrook* v. *Connor,* 60 Me. 503; *Bishop* v. *Small,* 63 id. 12; Benjamin on Sales, sec. 430, note m.

Even if the fiduciary relation did exist, it gave no right of rescission of the contract, but only the right to sue and recover from the vendor the excess paid to him. *Crater* v. *Binninger,* 33 N. J. L. (4 Vroom,) 513; *McMillan* v. *Arthur,* 98 N. Y. 168; *Railroad Co.* v. *Kindred,* 3 McCrary, 627.

Messrs. FIFER & PHILLIPS, and Mr. J. S. EWING, for the defendants in error:

It is not error for the court to assume as true, in an instruction, a fact which is not controverted. *Wallace* v. *De Young,* 89 Ill. 638; *Arundale* v. *Foreman,* 2 Bradw. 572; *Sharp* v. *Parks,* 48 Ill. 511; *Stein* v. *Kendall,* 1 Bradw. 103; *Heartt* v. *Rhodes,* 66 Ill. 351.

Upon the other hand, it has been repeatedly held to be error for a court to submit a question to the jury, and direct a finding thereon, upon which there is no conflict in the evidence. The following are a few authorities on that question: *Russell* v. *Minteer,* 83 Ill. 150; *Railroad Co.* v. *Bryan,* 90 id. 126; *Railroad Co.* v. *Hall,* id. 42; *Pease* v. *Catlin,* 1 Bradw. 88; *Irwin* v. *Atkins,* 8 id. 221; *Bradley* v. *Coolbaugh,* 91 Ill. 148.

There were such fraudulent representations made by the vendor in the case at bar, as would enable the vendees to rescind the contract and recover back the purchase money. *Hauk* v. *Brownell,* 19 Bradw. 189.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, brought in the circuit court of McLean county by the defendants in error, to recover back $1400, paid by them to plaintiff in error for a one-fifth interest

in the "Low Patent Gas Process" for the city of Springfield. The judgment in the trial court was in favor of the defendants in error, and has been affirmed by the Appellate Court.

The ground, upon which the plaintiffs below sought to recover, was the alleged fraudulent misrepresentation of the defendant, as to the price, paid by him, for the license to make and use gas under said patents in the city of Springfield. Plaintiffs claimed, that defendant agreed to sell them the one-fifth interest in the license in question for just one-fifth of what such license cost him, and that he represented the cost to have been $7000, whereas the amount, actually paid by him, was much less than that sum. The proof tends to show, that, instead of paying $7000 in cash for the license for Springfield, he paid $7000 in stock of the Citizens' Gas Company of Bloomington, which was worth only seventy-five cents on the dollar.

The instructions, which the circuit court gave for the plaintiffs, are alleged to be erroneous, because they announce to the jury, in substance, that the mis-statement of the defendant, as to what he paid for the license, was sufficient to justify the plaintiffs in rescinding the contract, and suing for the $1400, which they had paid on it.

Where the vendor and vendee are dealing at arm's length with each other, the representations of the former as to the cost of his property, even though false and made with a view to deceive, will furnish no ground of action. They are looked upon merely as representations in regard to value, uttered for the purpose of enhancing the price, and any purchaser, who relies upon them, is considered as too careless of his own interests to be entitled to relief. *Hemman* v. *Cooper*, 8 Allen, 334; *Holbrook* v. *Connor*, 60 Me. 503; *Bishop* v. *Small*, 63 id. 12; *Noetling* v. *Wright*, 72 Ill. 390; Benjamin on Sales, sec. 430, note m.

This rule, however, does not apply, where any fiduciary relation exists between the vendor and vendee, or where the

property, in regard to the cost of which the vendor makes a false statement, has been bought by him upon the joint account of himself and his vendee.   In such case, a misrepresentation as to the price paid will give a right of action to the deceived party.   *Banta* v. *Palmer*, 47 Ill. 99;  *Tuck* v. *Downing*, 76 id. 71;  *Plummer* v. *Rigdon*, 78 id. 222;  *Merwin* v. *Arbuckle*, 81 id. 501.

In the case at bar, plaintiff in error and defendants in error had entered into an arrangement to organize a gas company and erect works for the manufacture and sale of gas in Springfield.   They had numerous negotiations with each other upon the subject from early in September, 1883, to late in January, 1884, and, during this period, made several trips to Springfield, and had consultations with parties there, in relation to the promotion of their joint enterprise.   During the progress of these proceedings, plaintiff in error made it known to the defendant in error, Pollock, that it would be necessary to purchase a license from the owner of the Low patent, and undertook himself to effect such purchase.   He says he showed Pollock a letter, dated December 1, 1883, from Stevens, the owner of the patent, in which the latter proposed to sell the license for Springfield for $7000.   He closed the purchase of the license from Stevens on December 27 for $7000 of the Citizens' Gas Company's stock, as above stated.   About these facts there is no dispute.   The proof tends to show, that, on January 24, 1884, when plaintiff in error received from defendants in error $1400 for their one-fifth interest, he concealed from them the fact that he had bought the license for depreciated stock, and gave them to understand, that he had paid the full sum of $7000 for it.   In view of the relation, in which he stood to them, his misrepresentation in regard to the cost of the license, entitled them to a right of action against him.

It is objected to the instructions, that they did not submit to the jury the question whether or not the parties were en-

gaged in any such joint enterprise, as would create confidential relations between them. This was unnecessary, because the fact, that they were so engaged was not in dispute; it was admitted by both parties. Pollock testifies, that he said to plaintiff in error: "If I go in this thing at all, I want it understood between you and me, that I go in exactly on the same terms with you, and no other." Plaintiff in error, whose testimony is the only evidence introduced upon his side of the case, says: "Mr. Pollock came down * * * and we talked over matters in regard to the best means of proceeding at Springfield, having in view the putting up of gas works there; * * * he remarked that he had no money to lose; * * * I said I had just as much money at stake; *we were all in alike.*" Where, as here, there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, an instruction ought not to assume, that it is or may be doubtful. (Thompson on Charging the Jury, sec. 50.) To call upon the jury to decide, whether an undisputed or admitted fact is or is not proven, is to mislead them by inducing them to suppose, that they may find the fact either way, when the evidence warrants but one conclusion. In the case of *Banta* v. *Palmer, supra*, the proof did not show clearly the relations between the parties, and, in that respect, it differs materially from the case at bar.

It is further claimed, that the instructions are erroneous, in not announcing the true measure of damages to be the difference between what the defendants in error paid for their one-fifth interest, and what such interest cost the plaintiff in error. Ordinarily such would be the correct rule to be applied, where the relation between the parties is strictly that of principal and agent. (*McMillan* v. *Arthur*, 98 N. Y. 168.) But, under the facts of this case, we think the defendants in error had a right to rescind the contract, and sue for the money paid, with interest. Sedgwick on Damages, marg. page 296.

Plaintiff in error obtained a written assignment under seal from Stevens to himself of the license in question. By the understanding of all the parties, such license was to be transferred to the new gas company, when that company should be organized. It was never organized; the works at Springfield were never erected. Plaintiff in error made no assignment of the license or any part of it either to the proposed company, or to the defendants in error. The title to it remains in himself. Defendants in error obtained nothing but a right in the license, which this suit estops them from claiming. There was nothing for them to reconvey to the plaintiff in error, as a condition precedent to the institution of their suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*