JAMES A. INGERSOLL

v.

RICHARD E. MOSS.

*Actions—Form of.*

A tort can not be transformed into an implied promise to make repara-tion for the injury upon which an action of assumpsit will lie.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. ASHCRAFT & GORDON, for appellant.

Mr. P. L. O'MEARA, for appellee.

GARY, J. The appellee bought from one Robert Clark some shares of stock in a corporation named the Superior Nail Company, and alleges that Clark and the appellant deceived him by false representations as to the value of the plant and the shares; on both of which subjects he had, so far as this record shows, all the opportunity for investiga-

tion that he desired. Whether upon representations of value, under such circumstances, an action for deceit will lie, this case does not call upon us to decide. See Noetling v. Wright, 72 Ill. 390.

Without offering to return the stock, except by letter from his attorney, which required the appellant to do the walking, the appellee sued in assumpsit—the declaration containing only the common counts—both Clark and the appellant. Later he amended by adding a count in case for deceit, and later still amended that count by alleging that by reason of the deceit, they received the money to his use, and being indebted, promised to pay him. The promise relied upon is supposed to be implied by law from the circumstances.

There was a verdict and judgment against both Clark and Ingersoll, but this appeal is by the latter only. The price was $400; $100 went to pay a debt that Clark owed to an estate of which the appellee was executor; $100 was a note to the company for a liability of Clark to the company; and $200 was a note to Clark. These notes the appellant collected for, and paid to, or for, the payees.

So the action remains a bald attempt to turn an alleged tort into a promise implied by law to make reparation, on which assumpsit will lie. Where a wrong-doer has converted into money the personal property of another, the owner may sue for the money had and received, but this is an exception to general rules that action for the redress of wrongs must be *ex delicto*. Cooley on Torts, 107, 2d Ed.

There is no foundation for this action, but we decide nothing else.

*Reversed and remanded.*